[Nos. A016105, A019041. First Dist., Div. Four. Aug. 28, 1985.]

MORTON L. FRIEDMAN, Plaintiff and Appellant, v.
EDWARD M. STADUM, Defendant and Respondent.

## COUNSEL

Friedman, Collard, Poswall & Thompson, Wade R. Thompson, Roger A Dreyer and R. Parker White for Plaintiff and Appellant.

Edward M. Stadum, in pro. per., Shiver & Stadum, Michael E. Hartmann and Richard G. Katerndahl for Defendant and Respondent.

## OPINION

**POCHÉ, Acting P. J.**—This is a consolidated appeal from judgments of dismissal entered after the trial court sustained demurrers without leave to amend. We affirm.

## Facts

The facts of this case, involving attorneys licensed to practice law in the State of California, may explain why there is such a backlog of civil cases pending in the appellate courts of this state. In 1977 respondent Edward Stadum was representing Maynard Idleman in a personal injury action. (Op. A, at p. 2)[1] At trial, Stadum called as a witness Dr. Peter Neblett, who had treated Idleman's injuries. (*Ibid.*) The case resulted in a defense verdict, and when Dr. Neblett requested $1,000 for his expert witness fee, Stadum and Idleman refused payment. (*Ibid.*) Dr. Neblett sued Stadum and Idleman for breach of contract. In that action Neblett was represented by Morton Friedman, appellant in the present appeal.

In connection with Idleman's breach of contract action, Stadum appeared at Friedman's office to be deposed. (Op. A, at p. 3.) According to Stadum, Friedman, in the presence of others, referred to Stadum as a "deadbeat." (*Ibid.*) Stadum then brought a defamation action against Friedman and also against Dr. Neblett, on the theory that Dr. Neblett was Friedman's employer. (*Ibid.*)

To Stadum's complaint for defamation Friedman and Dr. Neblett demurred, on the ground that the judicial proceedings privilege applied. (*Ibid.*) The demurrers were sustained and the defamation action dismissed. (*Ibid.*) Stadum then appealed to the Third Appellate District from the judgment of dismissal.

Meanwhile, Idleman filed a cross-complaint against Dr. Neblett, alleging malpractice in Dr. Neblett's treatment of his injuries. (*Ibid.*) Dr. Neblett's demurrer to the cross-complaint was sustained on the ground that the malpractice action was time-barred and that action was dismissed. (*Ibid.*) From the judgment of dismissal, Idleman appealed to the Third Appellate District. (Op. A, at p. 17.)

The Third Appellate District consolidated Idleman's appeal on his malpractice claim and Stadum's appeal on the defamation action. Both judgments of dismissal were affirmed. (*Ibid.*)

While the consolidated appeal from the judgments dismissing the malpractice and defamation actions was still pending, Dr. Neblett sued Stadum and Idleman for malicious prosecution and abuse of process. (Op. B, at

---

[1] "Op. A" refers to the unpublished opinion of the Third Appellate District in a related action (*Idleman v. Neblett* (July 12, 1984) 3 Civ. 19773) of which this court takes judicial notice. (Evid. Code, §§ 452, subd. (d), and 459, subd. (a).)

p. 1.)[2] Stadum and Idleman demurred on the ground that the malicious prosecution action was premature because of the pending appeal, and on the ground that the complaint failed to allege an element necessary to an action for abuse of process. (*Id.,* at p. 2.) The trial court sustained the demurrers and Dr. Neblett appealed from the judgment of dismissal. (*Ibid.*) The Third Appellate District affirmed the judgment on the same grounds as the trial court had sustained the demurrers: the malicious prosecution action was premature because the appeal on the underlying defamation and malpractice actions was still pending and a necessary element of abuse of process was not alleged. (*Ibid.*)

While the slander appeal was still pending, Friedman on his own behalf sued Stadum for malicious prosecution and abuse of process. Stadum demurred, again on the ground that the malicious prosecution action was premature because the appeal on the defamation action was still pending and a necessary element of abuse of process was not pleaded. Upon those grounds the trial court sustained the demurrers without leave to amend; from the judgments of dismissal, Friedman timely appeals.

*Discussion*

1. *Malicious Prosecution*

■ A plaintiff in a civil malicious prosecution action must establish that the underlying proceeding terminated in his favor. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 51 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 845 [92 Cal.Rptr. 179, 479 P.2d 379]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 257, pp. 2533-2534.) Appellant Friedman contends he received a favorable termination of Stadum's defamation suit when judgment of dismissal was entered, notwithstanding Stadum's appeal from that judgment. Respondent Stadum counters that there is no favorable termination while an appeal from the judgment in the underlying action is still pending.

Although there are no California decisions directly on point, all other authority recognizes the general rule that a civil action for malicious prosecution will not lie while an appeal in the underlying action is pending. (See Annot., Pending Appeal in Civil Actions as Precluding Malicious Prosecution Action Based on Successful Termination in the Trial Court (1955) 41 A.L.R.2d 863; 52 Am.Jur.2d (1970) Malicious Prosecution, § 44,

---

[2]"Op. B" refers to the unpublished opinion of the Third Appellate District (*Neblett* v. *Stadum* (July 12, 1984) 3 Civ. 20884) of which this court also takes judicial notice. (Evid. Code, §§ 452, subd. (d), and 459, subd. (a).)

pp. 212-213; 54 C.J.S. (1948) Malicious Prosecution, § 56, pp. 1023-1024.) So well settled is this rule that it appears in a comment to the Second Restatement of Torts (Rest.2d Torts (1977) § 674, com. j., p. 456). In dictum the California Court of Appeal in *Rich* v. *Siegel* (1970) 7 Cal.App.3d 465, 469 [86 Cal.Rptr. 665], stated this general rule.

The cases Friedman cites for the contrary proposition are inapposite. In *Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775], and *Soble* v. *Kallman* (1976) 57 Cal.App.3d 719, 721 [129 Cal.Rptr. 373], there was no appeal taken from the judgment in the underlying action. The question posed here was therefore never reached.

There was no favorable termination of the defamation action at the time Friedman brought this suit because Stadum's appeal was still pending before the Third Appellate District. The filing of this malicious prosecution action was therefore premature; the trial court properly sustained the demurrer and dismissed this cause of action.

## 2. *Abuse of Process*

Stadum demurred to that part of Friedman's complaint alleging abuse of process on the ground that it failed to allege a necessary element of that cause of action. The trial court sustained the demurrer and dismissed this cause of action. Friedman contends this was error.

■ For the tort of abuse of process, the plaintiff must allege a wilful act in the use of the process not proper in the regular conduct of the proceeding. (See 4 Witkin, Summary of Cal. Law, *op. cit. supra,* Torts, § 264, pp. 2538-2539; *Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103-104 [101 Cal.Rptr. 745, 496 P.2d 817].) The process must be misused, i.e., it must be used for a purpose other than that for which the process is designed. (4 Witkin, *op. cit. supra,* at p. 2538.)

Appellant in his complaint did not specifically allege a wilful misuse of process. He contends this requirement was met by his incorporation of his allegations of malice and intent to harm, made with regard to the malicious prosecution action. These allegations may bear on the "ulterior purpose" element of malicious prosecution but do not satisfy the wilful misuse element of an action for abuse of process. The trial court therefore properly sustained Stadum's demurrer.

Friedman contends the trial court erred in refusing him leave to amend his complaint so that he might properly plead the elements of abuse of process. ■ It is error to sustain a demurrer without leave to amend if

there is a reasonable possibility that a plaintiff can state a good cause of action. (*Temescal Water Co.* v. *Dept. of Public Works* (1955) 44 Cal.2d 90, 107 [280 P.2d 1].) However, denial is proper where the facts and nature of the claim are clear and under the substantive law, no liability exists. (*Beck* v. *County of San Mateo* (1984) 154 Cal.App.3d 374, 379 [201 Cal.Rptr. 365].)

Here it is likely that the trial court was aware of the circumstances surrounding the filing of the underlying defamation action and determined that the only "improper act" Friedman could allege was Stadum's act of filing that lawsuit. Where the only improper act is the mere filing of the lawsuit, the tort is not abuse of process but malicious prosecution. (*Seidner* v. *1551 Greenfield Owners Assn.* (1980) 108 Cal.App.3d 895, 904 [166 Cal.Rptr. 803].)

In any event, Friedman was not prejudiced by the court's refusal to grant leave to amend the abuse of process allegations. Even though the order sustaining the demurrer denied leave to amend, Friedman thereafter filed two amended complaints. These amendments also failed to allege the necessary element of a wilful, improper act. Had the trial court sustained demurrer *with* leave, thereby authorizing these amendments, a further demurrer would have been sustained *without* leave to amend.

This case totters on the ledge of being a frivolous appeal. What is undeniable is that a dispute over relatively modest witness fees has spawned over four lawsuits and three appeals, all of which have been litigated to the point of nausea. At a minimum, this catalogue of litigation serves as a reminder that court backlogs are at least partially the product of litigating ridiculous catfights.

The judgments are affirmed.

Channell, J., and Sabraw, J., concurred.