Opinion
 

 WIENER, J.
 

 Plaintiffs Hiroko Sugimoto et al. and Doreen Schoenberg et al. appeal the orders dismissing without prejudice their actions against defendants Exportadora de Sal, S.A. de C.V. (Exportadora) et al. following the removal of the actions to federal court.
 
 [1]
 
 We reverse.
 

 Factual and Procedural Background
 

 On September 30, 1987, a Cessna aircraft enroute to Tiajuana from Guerrero Negro crashed in Otay Mesa, killing the pilot and five passengers.
 

 On September 29, 1988, two groups of heirs of the deceased passengers, one from Japan and the other from California and New York, filed these wrongful death actions against Exportadora, a Mexican corporation, Cessna, a Kansas corporation, and other defendants who are no longer in the action. Plaintiffs requested the cases be removed from fast track because the lead cases in regard to the crash were in federal court. The trial court suspended monitoring of the cases for six months.
 

 In December 1988 Exportadora successfully petitioned for removal of the actions to the United States District Court for the Southern District of California. On June 23, 1989, the superior court noticed a dismissal hearing in both cases. Plaintiffs opposed the proposed dismissal asking the trial court to extend the suspensions from fast track. The court rejected plaintiffs’ request and dismissed the cases without prejudice explaining:
 

 “There is a management problem. ... We want to set [the case] aside so we can manage it again when it comes back. We don’t want to sit here and fool around with the case and try to manage something with no jurisdiction. . . . You’re only one of about 500 that we have done this to ... . This is our administrative practice. [¶] In effect it’s administrative dismissal
 
 *124
 
 so we don’t have to sit and manage. Otherwise we will call you in every two weeks and you [will] tell me the same thing.”
 

 The order of dismissal without prejudice entered in each case stated:
 

 “It Is Ordered that this case is dismissed without prejudice. This administrative dismissal shall be set aside upon remand of this case from federal court, where the case was removed. In the event of remand from the federal court the original filing date of this case shall be reinstated and this administrative dismissal without prejudice shall be set aside and of no effect [sic].”
 

 Discussion
 

 Plaintiffs correctly say the superior court had no jurisdiction to dismiss the actions in light of 28 United States Code section 1446(d) (hereinafter section 1446(d)) which provides that after a civil action is removed to federal court: “the State court
 
 shall proceed no further
 
 unless and until the case is remanded.” (Italics added.)
 

 Without specifically referring to section 1446(d), the court argues the dismissals are in accord with federal law eliminating further state proceedings until remand. This argument incorrectly presumes, however, that a “dismissal” is the legal equivalent of a “stay.” A “dismissal” and a “stay” are not the same. When a court orders a “stay”, the action, although dormant, remains pending in that court. Following a “dismissal” the action is no longer pending. And even though the dismissed action can be refiled it must overcome additional procedural obstacles, including but not limited to, applicable statutes of limitations. Thus clearly a dismissal with or without prejudice is a proceeding under section 1446(d). As such the dismissals here are not in accord with federal law and the trial court had no jurisdiction to make such orders.
 

 The court alternatively contends that if section 1446(d) precludes state court action, we are without jurisdiction to decide this appeal directing us to
 
 Pennsylvania Nat. Bank etc.
 
 v.
 
 American Home.
 
 (E.D.Pa. 1980) 87 F.R.D. 152. In
 
 Pennsylvania Nat. Bank
 
 the defendant insurer sought to set aside a default judgment entered in state court after the case had been removed to the federal court. In ruling on the motion the court explained that the proper procedure was to move to set aside the judgment in the federal court as the insurer’s earlier motion to set aside the default filed in the state court was not part of the record before it. The court stated that once removal had been accomplished the state court had no jurisdiction to proceed until the case was remanded.
 
 (Id.
 
 at p. 154.)
 

 
 *125
 
 The case before us is procedurally distinguishable. In
 
 Pennsylvania Nat. Bank
 
 the motion filed in state court involved the merits of the litigation pending in federal court. Because the federal court was required to treat the default judgment as having been rendered in that court the motion to set aside the default had to be filed and heard by that court.
 
 (Ibid.)
 
 For the federal court to have held otherwise would have had the effect of nullifying the removal order.
 

 Here, both the trial court’s order and our review have no effect on the merits of the litigation pending in federal court. The only question presented to us here is whether the procedural posture of the present case should be restored to its status before the dismissal orders were filed.
 

 In a case similar to the one before us appellate jurisdiction was exercised by Florida’s Third District Court of Appeal in
 
 Weiser
 
 v.
 
 Bierbrouwerij, B.V.
 
 (Fla.Dist.Ct.App. 1983) 430 So.2d 986:
 

 “The trial court on its own motion, more than one year after a cause had been removed to the local Federal District Court, dismissed the cause for lack of prosecution.
 

 “We reverse with directions to reinstate the cause. Once a matter is removed to the federal court, a state trial court and its judge have no jurisdiction over the matter and cannot dismiss it.
 
 Rutas Aereas Nacionales, S.A.
 
 v.
 
 Cauley & Martin, Inc.,
 
 160 So.2d 168 (Fla. 3d DCA 1964);
 
 Medrano
 
 v.
 
 Texas,
 
 580 F.2d 803 (5th Cir. 1978);
 
 Hopson
 
 v.
 
 North American Insurance Company,
 
 71 Idaho 461, 233 P.2d 799 (1951);
 
 People
 
 v.
 
 Martin-Trigona,
 
 28 Ill.App.3d 605, 328 N.E.2d 362 (1975); 28 U.S.C. sec. 1446(e).
 

 “Reversed and remanded with directions. [Fn. as to costs omitted.]” (430 So.2d at p. 987.)
 

 Although
 
 Weiser
 
 involved a dismissal with prejudice and this case involves a dismissal without prejudice, the distinction is irrelevant to the issue of our jurisdiction to reverse the dismissal. The
 
 Weiser
 
 court exercised such power. We see no valid legal reason why we should not do the same thereby restoring the procedural status quo ante.
 

 The court also contends the appeal is moot because, under rule 1.6 of the San Diego Superior Court Rules, plaintiffs can request the court to set aside the dismissals and stay the cases until remand.
 
 [2]
 
 Even if such an option
 
 *126
 
 were available, it would not render the appeal “moot,” in the sense of precluding this court from being able to grant plaintiffs effectual relief.
 
 (Finnie
 
 v.
 
 Town of Tiburon
 
 (1988) 199 Cal.App.3d 1, 10 [244 Cal.Rptr. 581].) Moreover, the express language of rule 1.6 permitting “stays” following removal to the federal court does not provide for “stays” following a “dismissal” of the action.
 

 Finally, we reject the court’s contention that reversal is not required because plaintiffs were not prejudiced by the dismissals. Prejudice is irrelevant to the issue of jurisdiction. Regardless of prejudice to plaintiffs, lacking jurisdiction the trial court could not dismiss the actions. Its dismissal orders are void.
 

 Disposition
 

 The orders of dismissal are reversed. The parties shall bear their own costs for this appeal.
 

 Kremer, P. J., and Froehlich, J., concurred.
 

 [1]
 

 The cases were not consolidated in the trial court or on appeal, but have been given the same case number on appeal. In light of the defendants’ failure to file a responsive brief, we thought it important to solicit an- amicus brief from the superior court. It accepted our invitation and has filed a brief setting forth its arguments why the dismissal orders are valid.
 

 [2]
 

 Rule 1.6 recites, in relevant part: “(a) Stays of any action may be ordered upon the occurrence of an event which causes the Court to lose or delegate jurisdiction to proceed with the disposition of the action, including but not limited to: [¶] (1) Removal to federal Court.”