[No. D013336. Fourth Dist., Div. One. Jan. 28, 1992.]

ALAN H. FELD et al., Plaintiffs and Appellants, v.
WESTERN LAND & DEVELOPMENT COMPANY et al., Defendants
and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III A 3(b), 3(c) and III B and C.

**COUNSEL**

Singer & Crawford, Richard I. Singer and Elvi J. Olesen for Plaintiffs and Appellants.

Sternberg, Eggers, Steineckert, Shotwell & Fox, Rand K. Shotwell, Alan R. Alvord, Lorenz Aldaheff, Lundin & Oggel, Stephen P. Oggel, Jeffrey M. Merrick, Churchill, Kaplan & Roberts, James A. Roberts and William R. Thomas II for Defendants and Respondents.

**OPINION**

**KREMER, P. J.**—Plaintiffs Alan and Dorothy Feld (together plaintiffs Feld) appeal judgments dismissing their lawsuit after the superior court sustained the demurrers of defendants Western Land & Development Company (Western), Rancho Carlsbad Mobile Homes (Rancho), Ronald Schwab, David Dawes, Christison, Martin, Oggel & Thomas, Christison, Martin & Oggel, Stephen Oggel, Perry Christison, Frederick Martin, Jr. and William Thomas II, to plaintiffs' first amended complaint for malicious prosecution, intentional infliction of emotional distress, and breach of implied covenant of quiet enjoyment. We affirm the judgments of dismissal.

I

FACTUAL BACKGROUND

██ For purposes of reviewing the court's order sustaining the demurrers, we accept as true the material facts properly pleaded by plaintiffs Feld. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

Husband and wife Alan and Dorothy Feld were tenants in a mobilehome park owned by Western, Rancho, and their principals Schwab and Dawes

(together Landlords). Landlords also owned and operated a related mobilehome sales agency.

In 1980 a dispute arose between Landlords and park tenants involving rent increases. Alan Feld was a board member of a tenants' organization formed to oppose the rent increases. Alan was involved in legal proceedings arising from the dispute. Landlords sent secret investigators to pose as prospective mobilehome buyers to interview tenants and take statements to use in lawsuits threatened against tenants. Landlords threatened tenants with eviction, initiated proceedings for eviction and to impose liens on tenants' homes, and engaged in similar conduct intended to frighten and intimidate the tenants.

In May 1983, Western and Rancho sued Alan Feld for more than $1 million in San Diego Superior Court case No. N22666 for violation of the Cartwright Act and interference with prospective business relationship. Counsel for Western and Rancho in the lawsuit were Oggel and his law firms Christison, Martin, Oggel & Thomas and Christison, Martin & Oggel. Christison, Martin, and Thomas were members and partners of those law firms.

On March 30, 1987, in case No. N22666, the court entered judgment on special verdict favoring Alan Feld.

On May 18, 1987, Western and Rancho filed notice of appeal in case No. N22666.

On January 24, 1989, we affirmed the judgment in case No. N22666. (*Western Land & Development Company* v. *Feld* (Jan. 24, 1989) D006317 [nonpub. opn.].)

On March 27, 1989, remittitur was filed in case No. N22666.

II

SUPERIOR COURT PROCEEDINGS

On March 26, 1990, in San Diego Superior Court case No. 622378, plaintiffs Feld sued defendants for malicious prosecution of case No. N22666 and intentional infliction of emotional distress.

Later plaintiffs Feld filed a first amended complaint adding an alleged cause of action against Landlords for breach of the implied covenant of quiet enjoyment.

Landlords demurred to the first amended complaint. Landlords' demurrer asserted: Dorothy Feld lacked standing to state a claim for malicious prosecution; the claims for intentional infliction of emotional distress and breach of implied covenant of quiet enjoyment did not state facts sufficient to constitute a cause of action; and all three purported causes of action were barred by Code of Civil Procedure[2] section 340, subdivision (3)'s one-year statute of limitations. The other defendants joined in Landlords' demurrer.

After hearing, the court sustained without leave to amend the demurrers to the alleged causes of action for malicious prosecution and intentional infliction of emotional distress on the ground those claims were time barred. On the alleged cause of action for breach of implied covenant of quiet enjoyment, the court sustained the demurrers with leave to amend to permit plaintiffs Feld to plead that claim in contract rather than in tort.

Plaintiffs Feld elected not to amend the alleged cause of action for breach of implied covenant of quiet enjoyment.

The court entered judgments dismissing with prejudice the lawsuit against all defendants. Plaintiffs Feld appeal.

## III

### DISCUSSION

Plaintiffs Feld contend the judgments of dismissal should be reversed. Plaintiffs assert the superior court erred in determining the first amended complaint was barred by the statute of limitations. Plaintiffs also assert the pleading adequately alleged facts to toll the statute of limitations. Plaintiffs further assert Dorothy Feld had standing to sue for malicious prosecution. Finally, plaintiffs assert the first amended complaint adequately pleaded a cause of action for breach of implied covenant of quiet enjoyment. We conclude the court properly sustained defendants' demurrers and dismissed the lawsuit.

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

A

MALICIOUS PROSECUTION

1

PLEADING

The first amended complaint's purported first cause of action for malicious prosecution incorporated the background facts noted above and further alleged:

Defendants filed the complaint in case No. N22666 without probable cause and for the purpose of punishing and threatening Alan Feld with economic ruin and forcing him to abandon his opposition to the rent increases and to Landlords' attempt to subdivide the park and sell the lots. Defendants knew Landlords had no valid claims against Alan and their allegations against Alan were false. Defendants filed and prosecuted case No. N22666 to subject plaintiffs Feld to attorney fees and litigation expenses they could not pay and to destroy plaintiffs emotionally and financially.

2

DEMURRERS

In demurring to the purported cause of action for malicious prosecution, defendants asserted that claim was barred by section 340, subdivision (3)'s one-year statute of limitations. Defendants also asserted Dorothy Feld lacked standing to assert a claim for malicious prosecution.

The court sustained the demurrers on the ground the claim for malicious prosecution was time barred. The court viewed as controlling the holdings in *Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330 [248 Cal.Rptr. 341] and *Gibbs* v. *Haight, Dickson, Brown & Bonesteel* (1986) 183 Cal.App.3d 716 [228 Cal.Rptr. 398]. The court rejected plaintiffs' contention the statute of limitations should be tolled. The court also determined Dorothy Feld's lack of standing was another ground for sustaining the demurrers to the malicious prosecution claim.

3

ANALYSIS

(a)

STATUTE OF LIMITATIONS

■ "An action for malicious prosecution must be filed within one year of the accrual of the cause of action. (Code Civ. Proc., § 340, subd. (3); *Soble* v. *Kallman* (1976) 57 Cal.App.3d 719, 721 [129 Cal.Rptr. 373].) The cause of action accrues at the time of entry of judgment in the underlying action in the trial court. (*Scannell* v. *County of Riverside* (1984) 152 Cal.App.3d 596, 616 [199 Cal.Rptr. 644].) [¶] The fact that the time for appeal from the judgment has not yet run does not prevent the filing of the suit and therefore does not stay the running of the statute. (*Gibbs* v. *Haight, Dickson, Brown & Bonesteel* (1986) 183 Cal.App.3d 716, 719 [228 Cal.Rptr. 398].) However, the pendency of an appeal from the judgment in the underlying action prevents the maintenance of a malicious prosecution action based on that judgment. (*Id.*, at p. 722.) Therefore, the statute of limitations runs from accrual upon entry of judgment until the date of filing of notice of appeal. (*Ibid.*) The statute is then tolled until the conclusion of the appellate process, at which time it commences to run again. (*Ibid.*)" (*Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc., supra,* 202 Cal.App.3d at pp. 334-335.) In *Rare Coin Galleries, Inc.* the appellate court concluded:

"For purposes of filing a malicious prosecution action, where no review is sought beyond the California Supreme Court, it is the issuance of the remittitur in the underlying action which exhausts the appellate process and recommences the running of the statute of limitations." (202 Cal.App.3d at p. 338.)[3]

■ Asserting the "start/stop computation of the time period for statute of limitations purposes in malicious prosecution cases is poor law," plaintiffs Feld contend we should decline to follow the analysis of *Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc., supra,* 202 Cal.App.3d 330, and *Gibbs* v. *Haight, Dickson, Brown & Bonesteel, supra,* 183 Cal.App.3d 716. Citing *Friedman* v. *Stadum* (1985) 171 Cal.App.3d 775, 778-779 [217 Cal.Rptr.

---

[3]In *Soble* v. *Kallman* (1976) 57 Cal.App.3d 719 [129 Cal.Rptr. 373], the court stated: "The flaw in Soble's logic lies in its premise that Kallman's suit was not terminated in his favor until the time for appeal had expired. We have found only one square California ruling on this issue, *Anderson* v. *Coleman* [(1880)] 56 Cal.124, which holds that a cause of action for malicious prosecution accrues at the time judgment on the underlying action is entered in the trial court." (*Id.* at p. 721.)

585], plaintiffs contend we should instead conclude where, as here, an appeal was filed in the underlying action, the cause of action for malicious prosecution does not accrue until the finality of that appeal. Under plaintiffs' proffered analysis, this lawsuit would be timely as commenced within one year after the remittitur was filed. Although we recognize the existence of at least a latent conceptual conflict between *Gibbs* and *Friedman,* the results of those cases can be harmonized. We conclude *Gibbs* is controlling.

In *Friedman* v. *Stadum, supra,* 171 Cal.App.3d 775, Stadum sued Friedman for defamation. The superior court sustained Friedman's demurrer and dismissed the defamation action. Stadum appealed. While the defamation appeal was pending, Friedman sued Stadum for malicious prosecution. The superior court dismissed Friedman's malicious prosecution lawsuit on the ground it was premature because the defamation appeal was still pending. In affirming the dismissal of the malicious prosecution action, the appellate court noted a "plaintiff in a civil malicious prosecution action must establish that the underlying proceeding terminated in his favor. [Citations.]" (*Id.* at p. 778.) The appellate court concluded there was no termination of the defamation lawsuit favorable to Friedman at the time he filed his malicious prosecution action since Stadum's defamation appeal was still pending. (*Id.* at p. 779.) The appellate court stated: "Although there are no California decisions on point, all other authority recognizes the general rule that a civil action for malicious prosecution will not lie while an appeal in the underlying action is pending. [Citations.]" (*Id.* at pp. 778-779.)

Underlying the dismissal in *Friedman* v. *Stadum, supra,* 171 Cal.App.3d 775, is the unstated assumption a cause of action for malicious prosecution does not accrue until an appeal from the underlying action is resolved. On the other hand, the decision in *Gibbs* v. *Haight, Dickson, Brown & Bonesteel, supra,* 183 Cal.App.3d 716—while correctly recognizing a malicious prosecution action may not proceed during the pendency of an appeal from the judgment in the underlying lawsuit—proceeds from the assumption the malicious prosecution cause of action accrues upon entry of judgment in the trial court in the underlying action. (*Id.* at p. 722.) The assumption underlying *Gibbs* is consistent with established California case law involving accrual of a cause of action for malicious prosecution for purposes of the statute of limitations. (*Anderson* v. *Coleman* (1880) 56 Cal. 124, 126; *Scannell* v. *County of Riverside* (1984) 152 Cal.App.3d 596, 616 [199 Cal.Rptr. 644]; *Soble* v. *Kallman, supra,* 57 Cal.App.3d at pp. 721-723.) We decline to depart from that established case law.

We agree the malicious prosecution action in *Friedman* v. *Stadum, supra,* 171 Cal.App.3d 775, could not proceed during the pendency of the defamation action appeal. However, *Friedman* is not controlling here because it did

not involve a statute of limitations issue.[4] The court in *Friedman* did not have cause to consider appropriate procedures bearing on statute of limitations concerns. ■ We conclude courts in a *Friedman* situation should abate a malicious prosecution action instead of dismissing the lawsuit. (Cf. *Sugimoto* v. *Exportadora de Sal, S.A. de C.V.* (1991) 233 Cal.App.3d 165, 168 [284 Cal.Rptr. 275].)

In *Sugimoto* v. *Exportadora de Sal, S.A. de C.V., supra,* 233 Cal.App.3d 165, we noted:

"A 'dismissal' and a 'stay' are not the same. When a court orders a 'stay,' the action, although dormant, remains pending in that court. Following a 'dismissal,' the action is no longer pending. And even though the dismissed action can be refiled it must overcome additional procedural obstacles, including but not limited to, applicable statutes of limitations." (233 Cal.App.3d at p. 168.)

■ In sum, any cause of action in plaintiffs here for malicious prosecution accrued on March 30, 1987, the day judgment was entered favoring Alan Feld in case No. N22666. (*Anderson* v. *Coleman, supra,* 56 Cal. at p. 126; *Gibbs* v. *Haight, Dickson, Brown & Bonesteel, supra,* 183 Cal.App.3d at pp. 719, 722; *Scannell* v. *County of Riverside, supra,* 152 Cal.App.3d at p. 616; *Soble* v. *Kallman, supra,* 57 Cal.App.3d at pp. 721-723.) On that day the statute of limitations on plaintiffs' claim for malicious prosecution began running. The statute ran for 49 days until Western and Rancho filed notice of appeal in case No. N22666 on May 18, 1987. The pending appeal tolled running of the statute until the remittitur was filed on March 27, 1989. Plaintiffs waited 363 additional days until March 26, 1990, to file their complaint here in case No. 622378. Thus, the statute ran a total of 412 days, well beyond the statutory one-year limit. Accordingly, we conclude—absent additional tolling—plaintiffs' claim for malicious prosecution was barred by section 340, subdivision (3)'s one-year statute of limitations. (*Gibbs* v. *Haight, Dickson, Brown & Bonesteel, supra,* 183 Cal.App.3d at pp. 719, 722.)

(b)-III C*

. . . . . . . . . . . . . . . . . . . . . . . . .

---

[4]Similarly, *Albertson* v. *Raboff* (1956) 46 Cal.2d 375, 378 [295 P.2d 405], also cited by plaintiffs Feld, did not involve a statute of limitations issue.
*See footnote, *ante,* page 1328.

## Disposition

The judgments are affirmed.

Wiener, J., and Work, J., concurred.