[No. D018205. Fourth Dist., Div. One. Nov. 30, 1994.]

BOB BAKER ENTERPRISES, INC., Plaintiff and Appellant; Robert H. Baker, Plaintiff and Respondent; v.
CHRYSLER CORPORATION et al., Defendants and Appellants.

**COUNSEL**

James S. Marinos and Benjamin R. Seecof for Plaintiff and Appellant and for Plaintiff and Respondent.

Solomon, Ward, Seidenwurm & Smith, Murray M. Bankhead, Baker & Hostetler, Franklin H. Wilson, Ralph Zarefsky and Fredric S. Abrolat for Defendants and Appellants.

## OPINION

**BENKE, J.**—Once again we return to the dispute between Bob Baker, a local automobile dealer, and Chrysler Corporation. Our review of our own records discloses that no less than 14 appeals and writ petitions have been filed in this court with respect to Baker's attempt to sell both Ford and Chrysler products from the same location and Chrysler's attempt to open a competing dealership.[1]

Mercifully, on this appeal we are well past determining the merits of the parties' underlying disputes and are only asked to resolve whether Baker may pursue a claim against Chrysler for malicious prosecution. As we explain, the malicious prosecution action is barred by the statute of limitations. Accordingly, it should have been dismissed with prejudice.

### PROCEDURAL HISTORY

#### A. *Underlying Litigation*

The parties dispute began in 1983 when, among other items of relief, plaintiff and repondent Robert H. Baker sued defendant and appellant Chrysler Corporation (Chrysler) for damages. Four years into the dispute Chrysler decided to sue Baker for damages. Chrysler did so in a new lawsuit, *Chrysler Corp. v. Baker* (Super. Ct. San Diego County, 1987, No. 591583) (591583).

In 591583 Chrysler alleged Baker had wrongfully prevented it from opening the competing dealership in the Kearny Mesa area of San Diego. Chrysler alleged Baker was guilty of restraint of trade, abuse of process and other wrongs. In addition to Baker, Chrysler also named plaintiff and cross-appellant Bob Baker Enterprises, Inc. (BBE), as a defendant. Chrysler made identical claims by way of a cross-complaint in Baker's pending action against Chrysler, *Baker v. Chrysler Corp.* (Super. Ct. San Diego County, 1983, No. 517594) (517594). The trial court consolidated 591583 with 517594. Other than as a defendant named by Chrysler, BBE was not a party to any of the other disputes being litigated in 517594.

---

[1]*University Chrysler-Plymouth, Inc. v. New Motor Vehicle Board* (D001579); *Chrysler Corp. v. Superior Court* (D002038); *Chrysler Corp. v. Superior Court* (D002976); *University Chrysler-Plymouth, Inc. v. New Motor Vehicle Board* (D004815); *University Chrysler-Plymouth, Inc. v. New Vehicle Board* (D004828); *University Chrysler-Plymouth, Inc. v. Superior Court* (D006079); *University Chrysler-Plymouth, Inc. v. Chrysler Corp.* (D006225); *Chrysler Motors Corp. v. New Motor Vehicle Board* (D009463); *University Chrysler-Plymouth, Inc. v. Chrysler Corp.* (D010059); *Chrysler Corp. v. Superior Court* (D016007); *University Chrysler-Plymouth, Inc. v. Chrysler Corp.* (D016750); *Baker v. Superior Court* (D018116); *Chrysler Corp. v. Superior Court* (D018240).

Baker and BBE demurred to Chrysler's complaint and cross-complaint on the ground that all of the alleged conduct was protected by the litigation privilege set forth in Civil Code section 47, subdivision (b)(2). The trial court sustained the demurrer without leave to amend and dismissed Chrysler's claims against Baker and BBE. The trial court's dismissal was filed on March 22, 1989.

Chrysler filed a notice of appeal from the dismissal on April 21, 1989. Following briefing by the parties, we issued an opinion on the merits and affirmed the dismissal. (*University Chrysler-Plymouth, Inc.* v. *Chrysler Corp.* (Feb. 22, 1991) D010059 [nonpub. opn.].) Our remittitur issued on June 6, 1991.

What remained of 517594 went to trial in early 1992 and judgment in that case was entered on February 27, 1992. Although Baker did not receive any award in 517594, his dealership, University Chrylser-Plymouth, Inc., was awarded substantial damages.

B. *These Proceedings*

On May 28, 1992, Baker and BBE commenced the instant malicious prosecution action. They alleged Chrysler's damage claims had been terminated in their favor and Chrysler had pursued the claims without probable cause.[2]

Chrysler demurred to the complaint on the grounds it was barred by the statute of limitations. Chrysler argued the statute of limitations began running when its damage claims were dismissed by the trial court on March 22, 1989. According to Chrysler, the statute of limitations was tolled while Chrysler's appeal was pending but began running again following issuance of our remittitur on June 6, 1991. Under Chrysler's theory the limitations period expired on May 6, 1992, 22 days before Baker and BBE filed their complaint.

Baker and BBE argued the statute of limitations did not begin running until the trial court judgment in 517594 was entered on February 27, 1992. Thus Baker and BBE argued their complaint was timely.

The trial court reached separate conclusions with respect to Baker and BBE. As to Baker the trial court agreed with Baker the statute of limitations did not begin running until entry of the trial court's February 27, 1992,

---

[2]Also named as defendants were appellants and cross-respondents Chrysler Motors Corporation, McCutchen Black, Verleger & Shea, Baker & Hostetler, McCutchen Black and Franklin H. Wilson.

judgment finally disposing of 517594. However, because that judgment was on appeal at the time the trial court ruled on Chrysler's demurrer, the trial court found that as to Baker the malicious prosecution action was premature. Accordingly, the trial court dismissed Baker's claims without prejudice.

As to BBE the trial court agreed with Chrysler and sustained the demurrer without leave to amend and dismissed BBE's claim with prejudice.

Chrysler appealed from the order dismissing Baker's action without prejudice.[3] BBE filed a cross-appeal from the order dismissing its claims with prejudice.

### DISCUSSION

A plaintiff has one year from the date of accrual in which to file a malicious prosecution action. (Code Civ. Proc., § 340, subd. (3); *Feld* v. *Western Land & Development Co.* (1992) 2 Cal.App.4th 1328, 1334 [4 Cal.Rptr.2d 23] (*Feld*).) A cause of action for malicious prosecution accrues "at the time of entry of judgment on the underlying action in the trial court; i.e., at the time of successful termination of the prior proceeding." (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 400; see also *Gibbs* v. *Haight, Dickson, Brown & Bonesteel* (1986) 183 Cal.App.3d 716, 719 [228 Cal.Rptr. 398].)

We agree with Chrysler that its underlying claims against Baker were terminated by the trial court on March 22, 1989, and that the statute of limitations commenced on that date. In reaching this conclusion we rely upon cases where the finality of trial court judgments was determined in the context of challenges to appellate jurisdiction. We rely upon the jurisdictional cases because, contrary to the suggestion in Baker's brief, a trial court judgment which is final for purposes of appellate jurisdiction is final for purposes of bringing a malicious prosecution action. Although unstated, this proposition was implicitly accepted by this court in *Feld, supra,* 2 Cal.App.4th 1328, and by the courts in *Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330 [248 Cal.Rptr. 341], and *Gibbs* v. *Haight, Dickson, Brown & Bonesteel, supra,* 183 Cal.App.3d 716. Each of these cases holds that the statute of limitations on a malicious prosecution claim begins to run upon entry of a judgment in the trial court, continues to run until a notice of appeal is filed and is tolled until the conclusion of the

---

[3]When a defendant believes it is entitled to a dismissal with prejudice, an order dismissing a complaint without prejudice is sufficiently adverse to the interests of a defendant to support the defendant's appeal. (See, e.g., *Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784 [176 Cal.Rptr. 104, 632 P.2d 217] [order permitting plaintiff to file voluntary dismissal without prejudice reversed with directions to enter judgment of dismissal with prejudice].)

appellate process, at which time it commences again. (See *Feld, supra,* 2 Cal.App.4th at p. 1334.) Implicit in the "start/stop" computation of time adopted by these cases is an understanding that the termination which provides a right of appeal also gives rise to a cause of action for malicious prosecution.

Aside from our unwillingness to adopt a rule which would be out of harmony with existing precedent, we believe reliance on the jurisdictional cases serves two otherwise competing policy considerations. ■ First, we note that malicious prosecution is not a favored cause of action. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 847 [92 Cal.Rptr. 179, 479 P.2d 379].) Thus a rule which shortens the time in which a malicious prosecution action must be brought is preferable to one which lengthens the time. ■ On the other hand, as we have noted, a malicious prosecution action may not be initiated unless the underlying case has been terminated in favor of the malicious prosecution plaintiff. The requirement of a favorable termination is needed to avoid "the inconsistent judgments which may result if a malicious prosecution action were permitted to be filed before the conclusion of the principal suit." (*Ibid.*) ■ By looking to the point when trial court proceedings have been sufficiently complete to permit efficient appellate review, and by recognizing that a claim for malicious prosecution will be stayed during the pendency of any appeal in the underlying lawsuit (see *Feld, supra,* 2 Cal.App.4th at p. 1336), we believe we have identified the earliest point at which there is no risk of inconsistent results.

Here, the order terminating Chrysler's claims was sufficiently independent of Baker's claims against Chrysler to allow entry of a separate appealable judgment on Chrysler's claims against both Baker and BBE. (See *Miller* v. *Silver* (1986) 181 Cal.App.3d 652, 658 [226 Cal.Rptr. 479]; *People* ex rel. *Dept. Pub. Wks.* v. *Clausen* (1967) 248 Cal.App.2d 770, 776-778 [57 Cal.Rptr. 227] (*Clausen*); *People* v. *Buellton Development Co.* (1943) 58 Cal.App.2d 178, 181 [136 P.2d 793] (*Buellton*).) In *Miller* v. *Silver* a doctor sued his patient for unpaid fees. The patient and her husband filed a cross-complaint for malpractice. The cross-complaint was dismissed on a motion for summary judgment. Both the patient and her husband appealed. In denying a motion to dismiss the appeal, the court stated: "A cross-complaint is sufficiently independent 'to allow a separate final judgment to be entered upon it . . . [when the] order on the cross-complaint may be considered final as to *some* of the parties.' [Citation.] Moreover, because [the wife's] cause of action for malpractice is inextricably intertwined with her husband's claim for loss of consortium, judicial economy dictates that her appeal as well is properly before us." (*Miller* v. *Silver, supra,* 181 Cal.App.3d at p. 658, italics added.)

The *Clausen* and *Buellton* cases reached similar conclusions. Both *Clausen* and *Buellton* were condemnation actions brought by the state. In each case the owner of condemned land brought a cross-complaint which named the state as well as third parties as cross-defendants. In each case the cross-complaint was dismissed and the land owner appealed. In both cases the state moved to dismiss the appeal, arguing that no final judgment had been entered as to it. In both cases the motions were denied. "Insofar as the appealability of an order striking a cross-complaint is concerned, it is the general rule that where the parties to the cross-complaint are identical to the parties to the original action, an order striking a cross-complaint is not appealable because it does not constitute a final judgment, the propriety of such an order being reviewable on the appeal from the final judgment. [Citations.] Where, on the other hand, the cross-complaint names new parties or codefendants the order striking a cross-complaint may constitute a final and appealable judgment, provided it adjudicates rights as between the cross-complainant and the new parties or the codefendant cross-defendants. [Citations.]" (*Clausen, supra,* 248 Cal.App.2d at p. 776.)

Here, the trial court's March 22, 1989, dismissal completely disposed of BBE's interests as a party in 517594. Contrary to BBE's arguments, BBE's continuing role as the subject of discovery requests from Chrysler did not somehow delay termination of the claims against it.

Because the claims against Baker and BBE were based upon the same course of conduct and because BBE and Baker were both protected by Civil Code section 47, subdivision (b)(2), as in *Miller* v. *Silver* judicial economy required that Chrysler pursue one appeal from the dismissal of its claim against BBE and Baker. Thus, Chrysler's claims against BBE and Baker were sufficiently independent of the remaining claims to support entry of a separate final judgment dismissing them and commence the running of the statute of limitations.

 However, even if we disagreed with the results reached in *Miller* v. *Silver, Clausen* or *Buellton,* we would nonetheless be compelled to treat Chrysler's claims as though they had been terminated in Baker and BBE's favor on March 22, 1989. In our prior opinion affirming the dismissal we necessarily determined the dismissal was a final judgment giving us jurisdiction to consider the merits of Chrysler's appeal. (*Gore* v. *Bingaman* (1942) 20 Cal.2d 118, 120-121 [124 P.2d 17]; *Olson* v. *Cory* (1983) 35 Cal.3d 390, 398-399 [197 Cal.Rptr. 843, 673 P.2d 720].) " 'The first point decided by any Court, although it may not be in terms, is, that the Court has jurisdiction, otherwise it would not proceed to determine the rights

of the parties.' [Citation.] Where a question of law once determined is sought to be relitigated upon a second appeal to the same appellate court it is clearly established that the first determination is the law of the case and will not be re-examined in the absence of unusual circumstances leading to injustice or unfairness even though the issue sought to be raised involves the jurisdiction of the court on the prior appeal. [Citations.] This is so, even though it is contended that absence of jurisdiction renders the decision on the prior appeal a nullity and ineffective as a determination of any question. [Citation.]" (*Gore* v. *Bingaman, supra,* 20 Cal.2d at p. 121.)

Here of course we are not dealing with a question of law of the case but with the somewhat related doctrine of collateral estoppel under which parties to a prior proceeding are precluded from relitigating issues determined in the prior proceeding. (See 7 Witkin, Cal. Procedure, *supra,* Judgment, §§ 253-254.) In particular, once a court has determined it has jurisdiction and its determination becomes final, its jurisdictional determination is binding on the parties in all future proceedings. (*Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76, 83 [293 P.2d 18].) Thus, as parties to the prior appeal, Baker and BBE are barred from challenging our implied determination that the dismissal was a final judgment on Chrysler's claims giving us jurisdiction to reach the merits of the appeal.

## CONCLUSION

Because the March 22, 1989, dismissal was a final determination of Chrysler's claims, the statute of limitations commenced on that date and expired before Baker and BBE filed their malicious prosecution complaint. Thus the trial court should have sustained Chrysler's demurrer as to Baker's claims and entered a dismissal with prejudice as to Baker. However the court was correct in dismissing BBE's claims with prejudice.

Accordingly, the judgment is reversed insofar as it dismisses Baker's claim and remanded with instructions that an order dismissing Baker's claims with prejudice be entered; in all other respects the judgment is affirmed; Chrysler shall recover its costs of appeal.

Kremer, P. J., and Todd, J., concurred.