[No. B109540. Second Dist., Div. Two. Feb. 4, 1998.]

DAVID L. RAY, as Receiver, etc., Plaintiff and Respondent, v. FIRST FEDERAL BANK OF CALIFORNIA et al., Defendants and Appellants.

**COUNSEL**

Chapman & Gluckman, Arthur J. Chapman and Craig A. Roeb for Defendants and Appellants.

Lebovits & David and Deborah A. David for Plaintiff and Respondent.

## OPINION

**FUKUTO, J.**—This appeal concerns the element of favorable termination in the tort of malicious prosecution. The question presented is whether an action is favorably terminated if the trial court grants summary judgment to the defendant based on the statute of limitations, a procedural ground not bearing on the merits, but the reviewing court then affirms the judgment on grounds the action lacks intrinsic merit as a matter of law. We conclude that in such circumstances favorable termination has occurred. Accordingly, we affirm the order under review, which granted a new trial to the plaintiff in a malicious prosecution case.

### FACTS

Respondent David L. Ray is the receiver of a law firm variously known as McKenna, Conner & Cuneo and McKenna & Fitting (McKenna). McKenna served as outside counsel to appellant First Federal Bank of California (bank), in an inverse condemnation lawsuit which the bank ultimately dismissed voluntarily. An individual who had acquired from the bank the property that had been the subject of the inverse condemnation action sued the bank for breach of contract on account of the dismissal. Represented by appellants Epport & Richman and Stephen Richman, the bank cross-complained against McKenna for malpractice (the malpractice case).

In the malpractice case, McKenna moved for summary judgment on various grounds, including lack of duty and also the statute of limitations. The trial court granted the motion, on statute of limitations grounds. The bank appealed. Division One of this court affirmed, but not on the statute of limitations issue, which it did not address. (*First Federal Bank of California v. McKenna, Conner & Cuneo* (May 23, 1995) B081813 [nonpub. opn.].) Instead, the court held that McKenna had not, as a matter of law, breached any duty of care in following the bank's directions to dismiss the inverse condemnation case.

Following the affirmance, Ray, on behalf of McKenna, commenced the present malicious prosecution suit against appellants, the bank and its attorneys in the malpractice case. Appellants initially obtained judgment on the pleadings, on the premise that the malpractice case had not terminated favorably to McKenna, because it had been decided on the basis of the statute of limitations. Ray then filed a motion for new trial (see *Carney* v. *Simmonds* (1957) 49 Cal.2d 84, 87-91 [315 P.2d 305]), arguing that the Court of Appeal decision in the malpractice case had accomplished a favorable termination of it. The trial court agreed, and granted Ray's motion,

reinstating his malicious prosecution case. Appellants appeal from that order.

## DISCUSSION

■ A necessary element of a cause of action for malicious prosecution is that the underlying proceeding have been terminated favorably to the malicious prosecution plaintiff. The requirement of favorable termination confirms the plaintiff's innocence, serves to forestall unfounded claims and prevent inconsistent judgments, and facilitates proof of other elements of the tort. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 845-847 [92 Cal.Rptr. 179, 479 P.2d 379].) The cause of action does not accrue until such favorable termination has occurred. (*Id.* at p. 846.)

" '[F]avorable' termination does not occur merely because a party complained against has prevailed in an underlying action." (*Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 751 [159 Cal.Rptr. 693, 602 P.2d 393].) Rather, the termination must reflect on the malicious prosecution plaintiff's innocence of the misconduct charged, as opposed to occurring merely for technical or procedural reasons. (*Id.* at pp. 750-751.) Under these standards, "A bar raised by the statute of limitations does not reflect on the merits of the action and thus is not a favorable termination for purposes of a subsequent malicious prosecution action." (*Id.* at p. 752.)

■ If the issue of favorable termination of appellants' malpractice case were determined strictly by reference to the trial court's statute of limitations ruling in that case, Ray's malicious prosecution claim would lack that essential element. It is equally clear, however, that the Court of Appeal's decision affirming the summary judgment in the malpractice case did reflect on the merits and on McKenna's innocence, in the strongest possible way. The court held that the malpractice charges and case were unfounded as a matter of law, because McKenna had violated no duty to the bank in doing that with which it was charged. Therefore, the dispositive issue is whether favorable termination of the malpractice case may and should be judged by reference to the appellate decision there, or whether the trial court's ruling governs the question.[1]

We agree with the court below that the appellate decision affirming summary judgment in the malpractice case both marked and constituted

---

[1]There is no merit to appellants' suggestion that the unpublished appellate decision in the malpractice case may not be referred to or taken into account, by reason of rule 977, California Rules of Court. The decision is relevant not as legal authority but as an historical fact of the malpractice case, just as is the trial court decision in that case. (Cf. *Gibbs* v. *Haight, Dickson, Brown & Bonesteel* (1986) 183 Cal.App.3d 716, 718 [228 Cal.Rptr. 398] (*Gibbs*); *Friedman* v. *Stadum* (1985) 171 Cal.App.3d 775, 777, fn. 1, 778, fn. 2 [217 Cal.Rptr. 585].)

favorable termination of that case. Not only was the decision "favorable," as just observed, it also accomplished the final termination of the case. The malpractice case was not terminated until conclusion of the bank's appeal, and the affirmance of the judgment in favor of McKenna constituted a favorable termination on the merits.

*Friedman* v. *Stadum, supra,* 171 Cal.App.3d 775, is in accord. The court there affirmed the sustaining of a demurrer to a malicious prosecution complaint that had been filed while an appeal in the underlying action was pending and undecided. The court concluded: "There was no favorable termination of the defamation action at the time Friedman brought this suit because Stadum's appeal was still pending before the Third Appellate District." (*Id.* at p. 779.)

That favorable termination may depend on appellate proceedings after initial decision in the trial court has been recognized in other cases. For example, in *Oprian* v. *Goldrich, Kest & Associates* (1990) 220 Cal.App.3d 337 [269 Cal.Rptr. 429], the malicious prosecution plaintiff initially obtained a favorable verdict and judgment in the underlying action, including his cross-complaint. On appeal, however, the court reversed the judgment on the cross-complaint, and also directed dismissal of the complaint, based upon the adverse party's representation that it would not be retried. Even though he had prevailed in the trial court, the plaintiff was held not to have obtained a favorable termination, because the appellate dismissal of the complaint against him had not been on the merits. (*Id.* at pp. 344-345; see also *Merron* v. *Title Guarantee & Trust Co.* (1938) 27 Cal.App.2d 119, 121 [80 P.2d 740] [appellate court language disapproving underlying proceeding entitled malicious prosecution plaintiff to proceed on issue of favorable termination].)

Appellants rely on a series of statute of limitations cases which state that although an appeal in the underlying action tolls the running of the statute for malicious prosecution, the cause of action accrues, and the statute begins to run, when judgment is entered in the trial court. (*Rare Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 334-335 [248 Cal.Rptr. 341]; *Gibbs, supra,* 183 Cal.App.3d at p. 719; *Scannell* v. *County of Riverside* (1984) 152 Cal.App.3d 596, 616 [199 Cal.Rptr. 644]; see also *Feld* v. *Western Land & Development Co.* (1992) 2 Cal.App.4th 1328, 1334-1336 [4 Cal.Rptr.2d 23].) These decisions recite a general rule applicable to the ordinary malicious prosecution case, in which favorable termination has occurred (hence completing the cause of action) in the trial court. They do not address the situation and issue in this case, whether favorable termination may occur in the first instance by reason of an appellate disposition.

Indeed, all of these authorities rely on Witkin's recital of the rule of accrual, currently stated as follows: "A malicious prosecution action accrues at the time of entry of judgment on the underlying action in the trial court; i.e., at the time of *successful termination of the prior proceeding.*" (3 Witkin, Cal. Procedure (4th ed. 1997) Actions, § 514, p. 645, italics added.)[2]

Also unpersuasive is appellants' citation of dictum in *Hufstedler, Kaus & Ettinger* v. *Superior Court* (1996) 42 Cal.App.4th 55, 65 [49 Cal.Rptr.2d 551], to the effect that a demonstration of probable cause through the trial court's decision in the underlying action is not impaired by subsequent appellate reversal of that decision. Appellants urge that, by analogy, the element of favorable termination as established (or not established) in the trial court should not be "second-guessed" even if the reviewing court subsequently renders a different decision. The asserted analogy fails. In malicious prosecution, the element of probable cause concerns whether the underlying case could reasonably have been considered tenable. (*Id.* at p. 67.) A trial court's ruling sustaining the case might demonstrate that, even in the face of subsequent appellate reversal. But the issue of favorable termination is one of historical fact. As demonstrated by *Oprian* v. *Goldrich, Kest & Associates, supra,* 220 Cal.App.3d 337, a trial court simply does not have the last word on that question, when its outcome depends on a subsequent appellate ruling.

Apart from its lack of authoritative support, appellants' position that favorable termination may only be accomplished in the trial court lacks basis as a matter of legal policy. Under appellants' approach, a party that obtained complete exoneration in the appellate court—perhaps even by peremptory writ of mandate—would be considered not to have undergone favorable termination, simply because the trial court had previously erred—or, as here, had decided the case on a procedural defense instead of the plain lack of merit of the case. We see no reason to deprive such a party of its cause of action on that basis.

Appellants ultimately propound as such a reason the traditional characterization of malicious prosecution as a "disfavored" cause of action. But our Supreme Court has repeatedly declared that that "epithe[t]" (*Crowley* v. *Katleman* (1994) 8 Cal.4th 666, 680, fn. 8 [34 Cal.Rptr.2d 386, 881 P.2d 1083]) does not warrant abridging established elements of malicious prosecution, or the traditional right of action for it. (*Id.* at pp. 680-681.)

---

[2]Similarly, in *Friedman* v. *Stadum, supra,* 171 Cal.App.3d 775, the appellant also cited cases to the effect that accrual occurs upon entry of judgment in the trial court. The appellate court responded that in those cases ". . . there was no appeal taken from the judgment in the underlying action. The question posed here was therefore never reached." (*Id.* at p. 779.)

Our recognition that favorable termination may occur on appeal does not expand the cause of action, but rather simply restates one of its established dimensions.

## Disposition

The order granting new trial is affirmed.

Boren, P. J., and Zebrowski, J., concurred.

Appellants' petition for review by the Supreme Court was denied April 22, 1998.