[No. G028817. Fourth Dist., Div. Three. Jan. 31, 2003.]

PATRICIA SINDLER, Plaintiff and Appellant, v.
H. GEORGE BRENNAN et al., Defendants and Respondents.

## COUNSEL

Silverstein & Huston, Steven A. Silverstein and Mark W. Huston for Plaintiff and Appellant.

Pivo, Halbreich, Cahill & Yim, Eva S. Halbreich and William J. Mall for Defendants and Respondents.

## OPINION

**SILLS, P. J.**—Patricia Sindler (Sindler) appeals from an order of the Orange County Superior Court denying her motion under Code of Civil Procedure section 473 to set aside the dismissal of her case. We reverse.

### FACTS

Following an allegedly unsatisfactory plastic surgery performed by H. George Brennan, Sindler filed a medical malpractice action in June 1996 in the Orange County Superior Court. Brennan filed bankruptcy proceedings and a notice of automatic stay on March 20, 1997.

The superior court required Sindler to report on the status of the bankruptcy action. In May 1997, Sindler applied for an order to suspend monitoring under Orange County Superior Court Local Rules, rule 457. At the

same time, she submitted a preprinted Orange County Superior Court form entitled "Application and Order To Suspend Monitoring Re Bankruptcy," giving the court notice that the case was subject to a bankruptcy court stay and requesting a suspension under California Rules of Court, rule 225(d). By checking a preprinted order on the form, the court granted the suspension and set a "Bankruptcy Review Hearing/Order to Show Cause re dismissal" for October 1997. The preprinted order further stated, "Unless plaintiff/ cross-complainant files a declaration before the above hearing date indicating why the case should not be dismissed at that time, the stayed actions will be dismissed on the Court's own motion." Sindler was given notice of the order.

Apparently, Sindler did not file a declaration before the hearing date, but in November 1997 she moved for relief from the stay in bankruptcy court. The bankruptcy court denied relief from the stay and ordered that her claim be removed to the federal district court under 28 United States Code section 157(b)(5). In January 1998, Sindler reported the status of the case to the superior court, declaring that the bankruptcy court "ordered that the matter remain with the federal court for purposes of trial, removing the matter from state court jurisdiction."[1] The superior court dismissed the case the next day.

More than a year after the superior court dismissed her case, Sindler sought an order from the federal district court to abstain from hearing her claim and to instead remand the case back to the superior court. After determining that Sindler's claim involved purely state law issues and that the claim could properly be adjudicated in the state court, the district court granted Sindler's request for abstention and remanded the action to the superior court on January 11, 1999.

Having received nothing from the superior court indicating its receipt of the file, Sindler made inquiries through her attorney, Mark Huston. His legal assistant, Judith Baker, called the district court and left a message "[i]n approximately the late fall of 1999." Over the next several months, she called two or three more times, receiving no return calls. In February 2000, Baker called the superior court and learned that the case had been dismissed. In April, Huston sent a letter to the superior court asking for reinstatement of the case, but the file could not be found. Almost six months later, in October 2000, Huston engaged an attorney service to track down the file; the service discovered that the case had been dismissed in January 1998; apparently, the federal district court returned the file to the superior court sometime after February 1, 1999, and it was destroyed "per court policy" on November 29, 1999.

---

[1]This declaration was apparently filed in response to a hearing date, presumably another bankruptcy review hearing set by the superior court.

On November 14, 2000, Sindler brought her "Motion For Order To Set Aside Dismissal, Return Case To The Civil Active List, And Have the Court File Reconstructed From Parties' Litigation Files." Huston declared he did not know the action had been dismissed and the file destroyed until the report from his attorney service. Sindler asked for relief under Code of Civil Procedure section 473, subdivision (b) (relief from dismissal on the grounds of mistake, inadvertence, surprise, or excusable neglect) and subdivision (d) (relief from void judgment or order). The motion was denied.

## DISCUSSION

■ On appeal, Sindler contends the trial court erroneously denied her motion to set aside the dismissal. We agree.[2]

A petition in bankruptcy creates an automatic stay of all judicial proceedings against the debtor. (11 U.S.C. § 362(a).) Judicial proceedings in violation of the automatic stay are void. (*In re Schwartz* (9th Cir. 1992) 954 F.2d 569, 571; *In re Shamblin* (9th Cir. 1989) 890 F.2d 123, 125.) Accordingly, the trial court had no power to dismiss the case, and the dismissal was void.

"A judgment void on its face because rendered when the court lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant, is subject to collateral attack at any time." (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239 [79 Cal.Rptr.2d 719]; see also *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 862 [121 Cal.Rptr.2d 695].) Sindler correctly moved to set aside the dismissal under Code of Civil Procedure, section 473, subdivision (d), which provides: "The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order."

Brennan complains that Sindler invited the dismissal by asking the trial court to suspend monitoring, pointing out that she received notice of the order to show cause re dismissal on the Orange County Superior Court form granting the request to suspend monitoring. But the trial court's intent, and ultimate decision, to dismiss the case does not change the fact that it had no power to do so. With respect to a case subject to a bankruptcy stay, the form is incorrect and misleading. California Rules of Court, rule 225(d), to which the form refers, requires parties to litigation stayed by a bankruptcy proceeding to give the superior court notice of the imposition and vacation of the

---

[2]Sindler filed an unsolicited letter brief, arguing her position is bolstered by *In re McGhan* (9th Cir. 2002) 288 F.3d 1172. Brennan objected to the unsolicited brief and requested permission to file a response. We overrule Brennan's objection and on our own motion grant Sindler permission to file the brief; we also grant Brennan permission to file the response. Both letter briefs are hereby deemed filed. *McGhan*, however, is unnecessary to our analysis.

stay. The rule does not suggest dismissal of such a case is warranted. And the Superior Court of Orange County, Local Rules, rule 457, to which the form also refers, likewise does not suggest dismissal. Rule 457 merely requires a plaintiff in a case where a defendant is a debtor in bankruptcy to file an application to suspend monitoring and "attach a declaration stating that the plaintiff will move the Bankruptcy Court for relief from the automatic stay or set forth facts showing that such motion is not warranted."

Brennan also complains that Sindler exacerbated the trial court's error by failing to investigate for almost two years; he argues it is unfair to require him to litigate the case after so much time has passed. Prejudice is not a factor, however, when a dismissal order is void. (*Sugimoto v. Exportadora de Sal, S.A. de C.V.* (1991) 233 Cal.App.3d 165, 170 [284 Cal.Rptr. 275].) The court lacked jurisdiction to dismiss the case, and the dismissal must be set aside.

## DISPOSITION

The order denying the motion to set aside the dismissal is reversed and the case is remanded to the superior court for appropriate proceedings to reconstruct the file. Sindler is entitled to costs of appeal.

Rylaarsdam, J., and Bedsworth, J., concurred.

Respondents' petition for review by the Supreme Court was denied May 14, 2003.